IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-331-D

| | | |
|---|---|---|
| WILLIE LEE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

In this action, plaintiff Willie Lee Owens ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability benefits ("DIB") on the grounds that he is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings. (D.E. 28, 31). Both parties submitted a memorandum in support of their respective motions. (D.E. 29, 32). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E. 33). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and the case remanded for further proceedings.

I. BACKGROUND

A. Case History

Plaintiff filed an application for DIB on 13 March 2006 alleging a disability onset date of 10 January 2006. Transcript of Proceedings ("Tr.") 9. His application was denied initially and again upon reconsideration, and a request for hearing was timely filed. Tr. 9. On 23 March 2009, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 30-53. Plaintiff appeared

and testified at the hearing without the assistance of counsel or other representative, although the ALJ advised him of his right to counsel. Tr. 9, 32-33. The ALJ issued a decision denying plaintiff's claim on 31 March 2009. Tr. 9-15. Through counsel, plaintiff timely requested review by the Appeals Council and submitted additional evidence (Tr. 283-303) and briefing in support of the request. Tr. 18-24. The Appeals Council admitted the evidence and briefing, but denied the request for review on 24 May 2011. Tr. 1-5. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff commenced this proceeding on 24 June 2011 seeking judicial review pursuant to 42 U.S.C. § 405(g). (Compl. (D.E. 1)).

### B. Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A person is under a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* (d)(2)(A).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["listings"] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require the ALJ to "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

3

### C. Findings of the ALJ

Plaintiff was 49 years old on the alleged onset date of disability and 52 years old on the date of the administrative hearing. *See* Tr. 14 ¶ 7; 35. He did not complete high school or obtain a General Equivalency Diploma. Tr. 36.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ made the finding at step one that plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of 10 January 2006 through 31 December 2010, his date last insured. Tr. 11 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairment which was severe within the meaning of the Regulations, 20 C.F.R. § 404.1520(c): lumbar degenerative disc disease. Tr. 11 ¶ 3. At step three, however, the ALJ found that plaintiff's impairment did not meet or medically equal any of the listings. Tr. 12 ¶ 4.

The ALJ determined that through the date last insured, plaintiff had the RFC to perform light work with no more than frequent handling, stooping, crouching, kneeling, or crawling. Tr. 12 ¶ 5. Based on this RFC, the ALJ found at step four that plaintiff was unable to perform past relevant work. Tr. 14 ¶ 6.

At step five, based on plaintiff's RFC and the vocational factors of his age, education, and previous work experience, the ALJ found that there were a significant number of jobs in the national economy that plaintiff could perform, including gate guard, stamper, and hardware assembler. Tr. 15 ¶ 10. The ALJ relied on the testimony of a vocational expert in making this finding. Tr. 15 ¶ 10. The ALJ accordingly found plaintiff not disabled during the relevant period. Tr. 15 ¶ 11.

## II.   DISCUSSION

### A.   Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g.*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently

explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B. Overview of Plaintiff's Contentions

Plaintiff contends that the ALJ's decision should be reversed or, in the alternative, remanded for a new hearing because the ALJ failed: (1) to resolve conflicts between the vocational expert's testimony and the *Dictionary of Occupational Titles*; and (2) to render appropriate assistance to plaintiff who was unrepresented at the hearing. The court agrees that remand is required albeit not on the grounds advanced by plaintiff, but because of the evidence admitted by the Appeals Council.

### C. Evidence Admitted by Appeals Council

Where, as here, the Appeals Council considers additional evidence before denying the claimant's request for review of the ALJ's decision, "the court must 'review the record as a whole, including the [additional] evidence, in order to determine whether substantial evidence supports the Secretary's findings.'" *Felts v. Astrue*, No. 1:11CV00054, 2012 WL 1836280, at *1 (W.D. Va. 19 May 2012) (quoting *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)). Remand is required if the court concludes that the Commissioner's decision is not supported by substantial evidence based on the record as supplemented by the evidence submitted at the Appeals Council level. *Id*. at *1-2 (holding that Commissioner's decision implicitly determining claimant not to have a severe mental impairment and failing to consider the effect of any such impairment on his ability to work was not supported by substantial evidence in light of additional evidence of claimant's depression admitted by Appeals Council, and remanding case to Commissioner for further proceedings).

Here, the evidence submitted for the first time at the Appeals Council level consists, in part, of a psychological report on plaintiff (Tr. 294-97) by state agency consulting psychologist E.J. Burgess, Psy. D., based on his evaluation of plaintiff on 8 February 2010. Dr. Burgess diagnosed plaintiff with mild mental retardation. Tr. 296. He also found plaintiff to have a verbal IQ of 66, performance IQ of 63, and a full-scale IQ of 62. Tr. 295.

The evidence also includes school records for plaintiff. The records are: a grade report for the entire 1970-71 school year, when plaintiff was in the 9th grade and 14 years old (Tr. 289); a grade report for the entire 1971-72 school year, when plaintiff was repeating 9th grade and was 15 years old (Tr. 288); a grade report for the first report period in the 1972-73 school year, when plaintiff was in the 10th grade and 16 years old (Tr. 288); and attendance records for all of the 1970-71 (Tr. 286) and 1971-72 (Tr. 287) school years and part of the 1972-73 (Tr. 287) school year.[1]

The court finds that with this evidence included in the record the final decision of the Commissioner is not supported by substantial evidence. One basic reason is that Dr. Burgess's report and the grade reports constitute significant evidence that respondent has mental retardation, which may be entitled to considerable weight as such. Lending potential weight to Dr. Burgess's report are his specialization in abnormal mental conditions as a psychologist; his status as a state agency consultant; the grounding of his report on an examination of respondent, as opposed to simply a document review; and the testing data and other findings in his report supporting his opinion that respondent is mentally retarded. *See* 20 C.F.R. § 404.1527(d)(1), (3),

---

[1] The other evidence submitted initially at the Appeals Council level was: duplicate copies of the foregoing school records (Tr. 299-302); the report on a consultative physical examination of plaintiff (Tr. 290-93); and two copies of a letter from plaintiff's treating orthopaedist (Tr. 285, 289).

(5); Soc. Sec. R. 96-6p, 1996 WL 374180, at *2 (2 July 1996). The grade reports tend to support the diagnosis because it requires onset before the age of 22 years. *See* Listing 12.05.

This evidence could provide the basis for a determination that plaintiff had a medically determinable impairment of low intelligence during the alleged period of disability. If that determination were made, and it would occur at step two, the Commissioner would be required to apply the special technique for mental impairments. *See generally* 20 C.F.R. § 404.1520a.[2] Also at step two, the low intelligence impairment could be found to be severe. If a finding of severity were made with respect to this impairment or any other impairment, the low intelligence impairment would have to be considered at each subsequent step in the disability determination process in combination with any other impairments found to exist. *See* 20 C.F.R. § 404.1523.

With respect to step three, the possibility cannot be dismissed that plaintiff could be found to meet or medically equal the listing for mental retardation, Listing 12.05. To meet Listing 12.05, a claimant's impairment must first satisfy the introductory diagnostic description of mental retardation: "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period," that is, before the age of 22. Listing 12.05; *see* Listing 12.00A. To establish the required level of severity for this disorder, the impairment must also satisfy the criteria in paragraphs A, B, C, or D. Listing 12.05. The paragraph C criteria are that the claimant have a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and

---

[2] Under the special technique, an ALJ is to rate the degree of a claimant's functional limitation in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The first three functional areas are rated on a five-point scale: none, mild, moderate, marked, and extreme. *Id.* § 404.1520a(c)(4). A four-point scale is used to rate the fourth functional area: none, one or two, three, and four or more. *Id.* The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity. *Id.* The ALJ's written decision "must incorporate the pertinent findings and conclusions based on the technique" and "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." *Id.* § 404.1520a(e)(2). The decision must also include a specific finding as to the degree of limitation in each of the four functional areas. *Id.*

significant work-related limitation of function." Listing 12.05C.  It is reasonably possible that plaintiff could be found to meet or medically equal Listing 12.05C because he has been diagnosed with mental retardation, his school records suggest that the retardation manifested itself before the age of 22, his IQ scores are in the range required by paragraphs C and D, and he was found to have significant physical limitations on his ability to work.  Listing 12.05C.  Plaintiff would, by definition, have been disabled if he were found to meet or medically equal the criteria of Listing 12.05C.

If plaintiff's level of intellectual functioning were found not to meet or medically equal any listing, it would be required to be reflected in his RFC.  At step five, any hypothetical to the vocational expert would have to reflect the intellectual impairment.  *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).  Given the other impairments plaintiff was found to have, it is reasonably possible that plaintiff's intellectual impairment could produce the determination that there were not a significant number of jobs in the national economy that plaintiff could have performed during the alleged period of disability and that he was thereby disabled.

The record shows, of course, that plaintiff had performed janitorial work.  It would be erroneous to infer, however, that his ability to perform such work shows that any impairment of low intelligence he had did not preclude him from working.  The ALJ determined at step four that plaintiff could no longer perform his prior work as a janitor because of his physical limitations.  Therefore, plaintiff's prior performance of janitorial work does not rule out the possibility that during the alleged period of disability his level of intellectual functioning, in combination with other relevant factors, would have rendered him disabled.

Significantly, Dr. Burgess's report and the school records raise for the first time in the case the question whether plaintiff has the impairment of low intellectual function.  There is

9

Case 5:11-cv-00331-D   Document 34   Filed 06/25/12   Page 9 of 12

essentially no other evidence in the record addressing directly plaintiff's intellectual level.[3]

Consistent with the dearth of such evidence, there are no findings by the ALJ addressing expressly plaintiff's level of intellectual functioning. The ALJ's decision did not, of course, address the evidence submitted to the Appeals Council because it was not admitted—or in the case of Dr. Burgess's report, not even in existence—until after the decision was issued. The ALJ's decision does not otherwise discuss plaintiff's level of intellectual functioning at any step of the sequential analysis. Thus, he did not address or seemingly consider at all plaintiff's intellectual level in his severity or listing analysis at steps two or three, respectively. He also made none of the findings required by the special technique.[4] Further, the ALJ did not discuss or apparently consider any mental limitations in making his RFC determination and there are no mental limitations included in the RFC.[5] Nor, of course, are there any mental limitations included in the hypothetical the ALJ provided the vocational expert.

Although the Appeals Council found that the evidence did not warrant review of the ALJ's decision, it made no findings explaining the basis of its determination. It said simply:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

Tr. 1-2.

---

[3] In a statement obtained from him on 2 May 2006, he denied that he had attended special education classes. Tr. 128. In contrast, he told Dr. Burgess that he had been in special education classes throughout his school years. Tr. 294.

[4] The failure of the Commissioner to apply the special technique here is arguably an independent ground for remand. *See Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005); *Witt v. Barnhart*, 446 F. Supp. 2d 886, 898 (N.D. Ill. 2006).

[5] While the ALJ found plaintiff capable of only unskilled work, the ALJ's decision does not indicate the extent to which, if any, that determination is based on plaintiff's intellectual level, as opposed to his educational level and other potentially relevant factors.

The Commissioner's silence on the question of plaintiff's intellectual level is tantamount to a determination that he has no intellectual impairment. Given the potential significance of Dr. Burgess's report and the grade reports, the court cannot say that this de facto determination is supported by substantial evidence in the absence of an explanation adequately justifying it. *See Jackson v. Astrue*, No. 10–2226, 2012 WL 580239, at *3-4 (4th Cir. 23 Feb. 2012) (remanding case for ALJ to consider evidence concerning Listing 12.05 where court "cannot say that substantial evidence supports the finding that Jackson failed to establish this prong [of Listing 12.05] where new and material evidence submitted to the Appeals Council contradicts both the ALJ's findings and underlying reasoning, and the Appeals Council failed to provide any reason for disregarding this additional evidence").

This case must therefore be remanded to the Commissioner for further proceedings. In the remand, the Commissioner must consider the entire record, including not only Dr. Burgess's report and the grade reports, but also the other evidence initially submitted at the Appeals Council level, the evidence admitted by the ALJ, and any further evidence admitted. It is, of course, up to the Commissioner to determine what weight to give Dr. Burgess's report and the grade reports, and all the other evidence. The Commissioner is reminded, though, that he must make findings that sufficiently explain the weight given probative evidence, including specifically Dr. Burgess's report and the grade reports, and that would permit meaningful judicial review, if necessary. In light of the determination that remand is required, the issues raised by plaintiff are moot, and the court declines to address them.

## III. CONCLUSION

For the foregoing reasons, the final decision of the Commissioner is not supported by substantial evidence of record. IT IS THEREFORE RECOMMENDED that plaintiff's motion

for judgment on the pleadings be ALLOWED, the Commissioner's motion for judgment on the pleadings be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 22nd day of June 2012.

James E. Gates
United States Magistrate Judge